Filing # 114356183 E-Filed 10/02/2020 03:02:27 PM

**IN THE COUNTY COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA**

SEAN PARKER,

     **Plaintiff,**

                             **Case No.:**

v.

                             **JURY TRIAL DEMANDED**

MANDARICH LAW GROUP, LLP,
And LVNV FUNDING, LLC,

                           **INJUNCTIVE RELIEF SOUGHT**

     **Defendants.**

_____/

## STATEMENT OF CLAIM

Plaintiff Sean Parker ("Plaintiff") sues Defendant Mandarich Law Group, LLP and Defendant LVNV Funding, LLC (collectively, the "Defendants") for violations the Florida Consumer Collection Practices Act ("FCCPA") and Fair Debt Collection Practices Act ("FDCPA").

## JURISDICTION AND VENUE

1.     This Court has subject matter jurisdiction over Plaintiff and Defendants (collectively, the "Parties"), because the cause of action arises within the jurisdiction of this Court and, thus, venue and jurisdiction are proper.

2.     This Court has personal jurisdiction over Defendants because Defendants are operating, present, and/or doing business within this jurisdiction and because the complained of conduct of Defendants occurred within Broward County, Florida.

3.     The amount in controversy is greater than $500.00, but does not exceed $2,500.00, exclusive of costs, interest, and attorneys' fees, and is otherwise within this Court's jurisdiction.

4.     Venue of this action is proper in this Court because, pursuant to Fla. Stat. § 47.011, et seq., the cause of action alleged below arose in Broward County Florida.

PAGE | **1** of **10**

**PARTIES**

5.      Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward

County, Florida.

6.      Defendant Mandarich Law Group, LLP ("Defendant-DC") is a California limited

liability partnership, with its principal place of business located in Chatsworth, California.

7.      Defendant LVNV Funding, LLC ("Defendant-Creditor") is a Delaware limited

liability company, with its principal place of business located in Las Vegas, Nevada.

**DEMAND FOR JURY TRIAL**

8.      Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

**FACTUAL ALLEGATIONS**

9.      This action involves the debt arising from a transaction between Credit One Bank,

the original creditor, and Plaintiff, of which was primarily for the personal benefit of Plaintiff,

Plaintiff's family, as well as members of Plaintiff's household (the "Consumer Debt").

10.     Plaintiff is the alleged debtor of the Consumer Debt.

11.     Defendant-DC is a debt collector governed by both the FDCPA and FCCPA.

12.     Defendant-DC is a business entity engaged in the business of soliciting consumer

debts for collection.

13.     Defendant-DC is a business entity engaged in the business of collecting consumer

debts.

14.     Defendant-DC regularly collects or attempts to collect, directly or indirectly, debts

owed or due or asserted to be owed or due another.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

15.     Defendant-DC is an entity required to register with the Florida Office of Financial Regulation as a "Consumer Collection Agency" to lawfully collect consumer debts in Florida.

16.     The Consumer Debt is a debt which Defendant-DC must possess a valid Consumer Collection Agency license to lawfully collect or attempt to collect from Plaintiff.

17.     Defendant-DC is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

18.     Defendant-DC's "Consumer Collection Agency" license number is CCA9903744.

19.     For Defendant-DC's "Consumer Collection Agency" license to remain valid, Defendant-DC is required to maintain, *at minimum*, all records specified in Rule 69V-180.080, Florida Administrative Code, and keep such records current within one week of the current date.

20.     Rule 69V-180.080(3)(e) of the Florida Administrative Code commands that Defendant-DC *shall* maintain: "[t]he debtor's account of activity disclosing… a record of payments made by the debtor, including the date received and the amount and balance owing."

21.     Rule 69V-180.080(9)(a)-(b) of the Florida Administrative Code commands that Defendant-DC *shall* maintain: "basic information about the debt including, at minimum… [d]ocumentation of the debt provided by the creditor," as well as "[t]he date the debt was incurred and the date of the last payment."

22.     Defendant-DC maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

23.     The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant-DC does maintain, are current to within one week of the current date.

24.     Defendant-Creditor is the *current* creditor of the Consumer Debt.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

25.     On a date better known by Defendants, Defendant-Creditor referred the collection of the Consumer Debt to Defendant-DC.

26.     The Consumer Debt is comprised of principal, interest, and fees, whereby the total amount of the Consumer Debt, pursuant to the agreement underlying the Consumer Debt, is subject to increase daily, if not monthly, based on the principal portion of the Consumer Debt and the interest and fees which said principal is subject thereto.

27.     By way of documents and information Defendant-DC maintains in accordance with Rule 69V-180.080, Florida Administrative Code: [1] Defendant-DC knew the Consumer Debt was comprised of principal, interest, and fees; [2] Defendant-DC knew that the total amount of the Consumer Debt was the sum of the principal portion of the Consumer Debt and the interest and fees said principal amount is subject thereto; and [3] Defendant-DC knew the Consumer Debt was subject to increase based on the amount of the principal portion of the Consumer Debt and the interest and fees which said principal is subject thereto.

28.     On or about September 19, 2020, Defendant-DC sent Plaintiff a letter (the "Collection Letter") in an attempt to collect the Consumer Debt from Plaintiff. Attached hereto as Exhibit "A" is a copy of the Collection Letter.

29.     The Collection Letter is a communication from Defendant-DC to Plaintiff in connection with the collection of a debt.

30.     Defendant-DC engaged in activity constituting "any action to collect [a] debt" by sending the Collection Letter to Plaintiff.

31.     The Collection Letter represents Defendant-DC's initial communication with Plaintiff in connection with the collection of the Consumer Debt.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

32.     Defendant-DC did not exercise any professional judgment, as an attorney, before sending the Collection Letter to Plaintiff.

33.     Defendant-DC did not conduct a meaningful review of Plaintiff's file prior to sending the Collection Letter to Plaintiff.

34.     Defendant-DC did not send the Collection Letter to Plaintiff in Defendant-DC's capacity as an attorney.

35.     Defendant-DC sent the Collection Letter to Plaintiff in Defendant-DC's capacity as a debt collector.

### COUNT I.
### VIOLATION OF 15 U.S.C. § 1692g(a)(1) and § 1692e(2)(A)

36.     Plaintiff incorporates by reference paragraphs 1-35 of this Statement of Claim as though fully stated herein.

37.     Defendant-DC violated § 1692g(a)(1) and § 1692e(2)(A) of the FDCPA by attempting to collect the alleged Consumer Debt from Plaintiff *via* the Collection Letter. Here, the Collection Letter fails to adequately inform the least sophisticated consumer of the true amount owed to the current creditor and otherwise falsely represents the character and/or amount of the debt. In short, Defendant-DC failed to provide an explicit disclosure of accrued and accruing interest the Consumer Debt is subject to pursuant to the agreement underlying the Consumer Debt.

38.     As stated above, the Consumer Debt is the sum of the principal portion of the original debt and, *inter alia*, the interest and fees added to said principal pursuant to underlying agreement. With that said, however, the amount that the creditor of the Consumer Debt is entitled to recover from Plaintiff goes much further.

39.     Section 1692g(a)(1) of the FDCPA requires that a debt collector send the consumer a written notice containing "the amount of the debt." 15 U.S.C. § 1692g(a). Section 1692e(2)(A)

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

explicitly prohibit "[t]he false representation of the character, amount, or legal status of any debt."

15 U.S.C. § 1692e(2).

40.     Defendant-DC failed to provide an explicit disclosure of accrued and accruing

interest and fees which the Consumer Debt is subject thereto, and as a result, the least sophisticated

consumer can be misled or confused as to the amount of the owed. For example, the least

sophisticated consumer may erroneously believe that he or she can fully satisfy the underlying

debt by mailing the creditor the full amount listed on the collection letter Defendant-DC sent to

the consumer *regardless* of how much time has lapsed.

41.     Here, the Consumer Debt, pursuant to the agreement underlying the Consumer

Debt, continues to accrue fees and interest, of which is compounded on a daily or otherwise

periodic basis.

42.     The necessity of information which Defendant-DC omitted from the Collection

Letter was an issue Judge Kathleen M. Williams addressed in Anselmi v. Shendell & Associates,

P.A., stating, in relevant part:

> The Seventh Circuit has offered some guidance regarding a debt
> collector's obligations under 15 U.S.C. §1692g(a). *See* Miller v.
> McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C., 214
> F.3d 872, 876 (7th Cir. 2000). With regard to specifying the amount
> of the debt owed, the Seventh Circuit has held that the following
> statement would satisfy the debt collector's duty to state the amount
> of the debt where the amount may vary day to day: *As of the date of*
> *this letter, you owe $___ [the exact amount due]. Because of*
> *interest, late charges, and other charges that may vary from day to*
> *day, the amount due on the day you pay may be greater. Hence, if*
> *you pay the amount shown above, an adjustment may be necessary*
> *after we receive your check, in which event we will inform you*
> *before depositing the check for collection. For further information,*
> *write the undersigned or call 1–800–[phone number]. See* Id. at 876.
> Although a debt collector need not use this exact language, using the
> aforementioned or similar language will preclude a debt collector
> from being accused of violating §1692g(a). Id.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

2014 WL 5471111 at *3 (S.D. Fla. 2014) (emphasis added).

43.     Yet, despite Judge Kathleen M. Williams' clear articulation of safe-harbor language capable of insulating Defendant-DC from liability, Defendant-DC *still* chose to wrongfully conceal necessary and pivotal information from the least sophisticated consumer. For example, in the Collection Letter, Defendant-DC did not inform the least sophisticated consumer that the underlying debt was accruing interest; Defendant-DC did not provide a breakdown of the accrued interest or other fees and instead mislead the least sophisticated consumer by stating the amount owed as a single sum; Defendant-DC did not state whether the underlying debt was subject to the accrual of interest or other charges; Defendant-DC did not state whether the consumer debt had accrued interest or other charges; Defendant-DC did not state the amount of interest and other charges that had accrued on the principal portion of the underlying debt; Defendant-DC did not state how or when the purported amount owed by the consumer had been calculated; and Defendant-DC failed to advise of the *added* prejudgment interest which the current creditor could *also* recover from the consumer upon securing a judgment against the consumer.

44.     Thus, in light of the forgoing, Defendant-DC violated § 1692g(a)(1) and § 1692e(2)(A) of the FDCPA by failing inform the least sophisticated consumer of the interest, charges, and/or fees which the underlying debt *was and is* subject.

45.     WHEREFORE, Plaintiff requests this Court to enter a judgment against Defendant-DC, awarding Plaintiff the following relief:

(a)     Statutory damages as provided by 15 U.S.C. §1692k;

(b)     Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1692k; and

(c)     Any other relief that this Court deems appropriate under the circumstances.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## COUNT II.
## VIOLATION OF 15 U.S.C. § 1692e(3)
(*against Defendant-DC*)

46.     Plaintiff incorporates by reference paragraphs 1-35 of this Statement of Claim as though fully stated herein.

47.     Defendant-DC violated §1692e(3) of the FDCPA by utilizing, *including but not limited to*, Defendant-DC's attorney / law firm letterhead despite having made no meaningful review of the file and/or sufficient professional judgment in the decision to send the Collection Letter to Plaintiff.  *See* <u>Boyd v. Wexler</u>, 275 F.3d 642, 647 (7th Cir. 2001) (finding that although the collection attorney's affidavit stated that he reviewed every file before a [collection letter] was sent, the mere volume of that undertaking (tens of thousands in some weeks, hundreds of thousands of dunning letters a year) was sufficient to permit a reasonable jury to conclude that "the defendant violated the FDCPA by rubber stamping his clients' demands for payment, thus misrepresenting to the recipients of his dunning letters that a lawyer had made a minimally responsible determination that there was probable cause to believe that the recipient actually owed the amount claimed by the creditor.").

48.     As such, by wrongfully using Defendant-DC's law firm letterhead *without* exercising *any* professional judgment, or otherwise review Plaintiff's file, as an attorney prior to sending the Collection Letter to Plaintiff, Defendant-DC violated § 1692e(3) of the FDCPA.

49.     WHEREFORE, Plaintiff requests this Court to enter a judgment against Defendant-DC, awarding Plaintiff the following relief:

(a)     Statutory damages as provided by 15 U.S.C. §1692k;

(b)     Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1692k; and

(c)     Any other relief that this Court deems appropriate under the circumstances.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

### COUNT III.
### <u>VIOLATION OF FLA. STAT. § 559.72(11)</u>
(*against Defendant-DC and Defendant-Creditor*)

50.     Plaintiff incorporates by reference paragraphs 1-35 of this Statement of Claim as though fully stated herein.

51.     Defendant-DC violated Fla. Stat. § 559.72(11) communicating with Plaintiff under the guise of an attorney by utilizing the stationery of an attorney, *to wit*, the Collection Letter, in an attempt to deceptively collect the Consumer Debt from Plaintiff.

52.     Here, among other things, Defendant-DC's attorney letterhead, causes the least sophisticated consumer to wrongfully believe that he or she received a letter from an attorney. As mentioned above, however, Defendant-DC did not exercise any professional judgment, as an attorney, or conduct any meaningful review of Plaintiff's file, as an attorney, prior to mailing the Collection Letter. In so doing, Defendant-DC wrongfully causes the least sophisticated consumer to believe meaningful and adequate scrutiny of the consumer's file occurred before the Collection Letter was mailed.

53.     In simplest terms, the Collection Letter was mailed to Plaintiff by Defendant-DC in Defendant-DC's capacity as a debt collector – not an attorney – and as such, Defendant-DC violated § 559.72(11) of the FCCPA.

54.     At minimum, Defendant-DC acted with apparent authority in attempting to collect the Consumer Debt on Defendant-Creditor's behalf. Defendant-DC sought to collect the Consumer Debt from Plaintiff because Defendant-DC had contracted with Defendant-Creditor for the provision of such services.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

55.     Defendant-Creditor purposely provided Defendant-DC with the information to collect the Consumer Debt from Plaintiff, of which included Plaintiff's contact information, the nature of the Consumer Debt, and the amount purportedly owed by Plaintiff.

56.     As such, the above-mentioned violation of § 559.72(11) is the result of Defendant-DC's acts and/or omissions, whereby such acts and/or omission occurred within the scope and course of agency between Defendant-DC and Defendant-Creditor, and as a result, Defendant-Creditor is vicariously liable for such FCCPA violation.

57.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendants, awarding Plaintiff the following relief:

(a)     Statutory damages as provided under Fla. Stat. §559.77(2);

(b)     Costs and reasonable attorneys' fees pursuant to Fla. Stat. §559.77(2); and

(c)     Any other relief that this Court deems appropriate under the circumstances.

DATED: October 2, 2020

Respectfully Submitted,

 /s/ Jibrael S. Hindi
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:    jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:    tom@jibraellaw.com
THE LAW OFFICES OF JIBRAEL S. HINDI
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:     954-907-1136
Fax:        855-529-9540

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

# EXHIBIT "A"

Please Reply To:
P.O. Box 109032 Chicago, IL 60610
P: 877.285.4918
F: 818.888.1260
www.mandarichlaw.com
You may also contact us via email at
INFO@MANDARICHLAW.COM
July 29, 2020
Pay Online: www.PayMLG.com

# MANDARICH LAW GROUP, LLP
*Attorneys at Law*

THIS LAW FIRM EMPLOYS ONE OR
MORE ATTORNEYS ADMITTED TO
PRACTICE IN THE FOLLOWING STATES:
Alaska, California, Colorado,
Connecticut, District of Columbia,
Florida, Georgia, Idaho, Illinois, Iowa,
Kansas, Michigan, Missouri, Nebraska,
Nevada, New York, North Carolina,
Ohio, Oregon, South Carolina,
Virginia, Washington
<u>OF COUNSEL</u>
Thomas M. McGreal (CA, HI)
Crystal Flynn (UT)

Sean Parker
4021 NW 93rd Ave
Sunrise FL 33351-5914

| | |
|---|---|
| **Current Creditor:** | LVNV Funding LLC |
| **Our File No.:** | 4333931 |
| **Original Creditor:** | Credit One Bank, N.A. |
| **Original Creditor Account No.:** | XXXXXXXXXXXX2181 |
| **Current Balance:** | $1,127.73 |
| **Charge Off Date** | 04/03/2019 |

Dear Sean Parker,

Your account has been sold and assigned to our client, LVNV Funding LLC. This office has been hired to collect the above balance that you owe our client. This is a demand for payment of your outstanding obligation.

If you choose to do so, you may make a payment online by visiting our website at <u>www.PayMLG.com</u> at your convenience. Please contact our office should you wish to discuss payment arrangements on your account. You can reach us or our toll-free number of 877.285.4918. When contacting our office by phone or letter, please refer to file number 4333931.

Unless you, within thirty days after receipt of this notice, dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by us. If you notify us in writing within the thirty-day period that the debt, or any portion thereof, is disputed, we will obtain verification of the debt or a copy of a judgment against you and a copy of such verification or judgment will be mailed to you by us. Upon your written request within the thirty-day period we will provide you with the name and address of the original creditor, if different from the current creditor.

Sincerely,

Mandarich Law Group, LLP

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

